UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Victor L. Young, Sr.,**

                          **Plaintiff,**

                  **-v-**                              **5:04-CV-611**

**City of Syracuse Department of Public Works/Management,
Jeffrey Lopes, Jeffrey Wright and John Walsh,**

                          **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Victor L. Young, Sr.
Plaintiff, *Pro Se*

Corporation Counsel, City of Syracuse
Joseph Francis Bergh, Esq., of counsel
City Hall, Room 301
233 East Washington Street
Syracuse , New York 13202
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Defendants move (Dkt. No. 59) to dismiss the fourth amended complaint without prejudice under Fed. R. Civ. P. 8(a)(2). Defendants contend that the pleading fails to give them "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

      Plaintiff commenced this discrimination action on May 27, 2004. On February 14, 2006, while represented by counsel, plaintiff filed the third amended complaint (Dkt. No. 37) asserting

employment discrimination claims under 42 U.S.C. § 2000e, *et seq.* ("Title VII").[1] On August 23, 2007, District Judge Gary L. Sharpe granted defendants' motion for summary judgment and dismissed the action (Dkt. Nos. 49, 50). On January 21, 2009, the Second Circuit vacated the judgment dismissing the action, and held that plaintiff should be permitted to proceed with his Title VII claims and, in addition, could properly assert claims under 42 U.S.C. § 1983 ("section 1983"). *See Young v. City of Syracuse*, 307 Fed.Appx. 512, 2009 WL 136920 (2d Cir. 2009). As this Court interprets the decision and mandate (Dkt. No. 54), the Second Circuit intended that the third amended complaint be reinstated and the action proceed on that pleading unless plaintiff chose to amend to add one or more section 1983 claims.[2]

Thereafter, district court entered two orders (Dkt. Nos. 55, 57) extending to plaintiff the opportunity to file a further amended complaint, should he desire to do so. On June 5, 2009, plaintiff filed a document designated a "complaint" (Dkt. No. 58); this document is the fourth amended complaint which is the subject of the instant motion. This document is not a proper complaint and does not adequately articulate causes of action under either Title VII or section 1983, although it does appear that plaintiff intended to assert section 1983 claims based on denial of due process and/or equal protection. All parties, including plaintiff, will be prejudiced if this document is substituted in the place of the third amended complaint. Therefore, the Court grants defendants' motion (Dkt. No. 59) to dismiss without prejudice the fourth amended complaint

---

[1] Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

[2] "Recovery under 42 U.S.C. § 1983 is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or federal statutory right and, second, that such denial was effected under color of state law." *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985).

(Dkt. No. 58) and reinstates the third amended complaint (Dkt. No. 37).  <u>If plaintiff desires to add section 1983 claims to the third amended complaint, he is granted a 60-day extension to file a fifth amended complaint.  Plaintiff is advised that, if he chooses to file a fifth amended complaint, he must sign it.  It must be a complete pleading, intended to supersede and replace the third amended complaint in all respects.  It must include ALL claims plaintiff wishes to assert, including any and all claims from the third amended complaint that plaintiff wishes to pursue.  No portion of any prior complaint shall be incorporated into the fifth amended complaint by reference.  The fifth amended complaint shall name all of the intended defendants in the caption; any defendant not named will not be a defendant in this action</u>.

It is therefore

ORDERED that the motion (Dkt. No. 59) to dismiss without prejudice the fourth amended complaint (Dkt. No. 58) is granted as set forth herein; and it is further

ORDERED that **the third amended complaint (Dkt. No. 37) is reinstated, and the action shall proceed upon the third amended complaint unless plaintiff serves and files a fifth amended complaint in accordance with this decision, on or before December 28, 2009**; and it is further

ORDERED that the Clerk is directed to serve on plaintiff a copy of the *Pro Se* Assistance Program Pamphlet.

IT IS SO ORDERED.

October 28, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

-3-