UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Victor L. Young, Sr.,**

     **Plaintiff,**

   **-v-**                     **5:04-CV-611**

**City of Syracuse Department of Public Works/Management,**
**Jeffrey Lopes, Jeffrey Wright and John Walsh,**

     **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:
Victor L. Young, Sr.
Plaintiff, *Pro Se*

Corporation Counsel, City of Syracuse
Joseph Francis Bergh, Esq., of counsel
City Hall, Room 301
233 East Washington Street
Syracuse , New York 13202
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

  On February 14, 2006, while represented by counsel, plaintiff filed the third amended complaint herein (Dkt. No. 37) asserting claims under 42 U.S.C. § 2000e, *et seq.* ("Title VII") for employment discrimination on the basis of race. On August 23, 2007, District Judge Gary L. Sharpe granted defendants' motion for summary judgment and dismissed the action (Dkt. Nos. 49, 50). Plaintiff appealed, and on January 21, 2009, the Second Circuit vacated the dismissal, holding that plaintiff should be permitted to proceed with his Title VII claims and, in addition, could properly assert claims under 42 U.S.C. § 1983 ("section 1983"). *See Young v. City of Syracuse*, 307 Fed.Appx. 512, 2009 WL 136920 (2d Cir. 2009).

  On June 5, 2009, plaintiff, proceeding *pro se*, filed a fourth amended complaint (Dkt. No.

58). Thereafter, on defendants' motion (Dkt. No. 59), this Court issued a Memorandum-Decision and Order (Dkt. No. 62) dismissing the fourth amended complaint without prejudice, reinstating the third amended complaint (Dkt. No. 37), and ordering that the action would proceed on the third amended complaint unless plaintiff served and filed a fifth amended complaint within 60 days. The Memorandum-Decision and Order stated as follows:

> If plaintiff desires to add section 1983 claims to the third amended complaint, he is granted a 60-day extension to file a fifth amended complaint. Plaintiff is advised that, if he chooses to file a fifth amended complaint, he must sign it. It must be a complete pleading, intended to supersede and replace the third amended complaint in all respects. It must include ALL claims plaintiff wishes to assert, including any and all claims from the third amended complaint that plaintiff wishes to pursue. No portion of any prior complaint shall be incorporated into the fifth amended complaint by reference. The fifth amended complaint shall name all of the intended defendants in the caption; any defendant not named will not be a defendant in this action.

Plaintiff responded with a letter dated December 23, 2009 (Dkt. No. 63) setting forth allegations against the municipal defendant and stating: "I would like to add these allegations to the third amended complaint under Section 1983 if the court deems it appropriate to do so; if not, I would like the court to proceed with the third amended complaint." The letter fails to comply with the Memorandum-Decision and Order because it merely seeks to add certain allegations to the third amended complaint. It is not a complete pleading reasonably capable of replacing the third amended complaint, and does not include the claims in the third amended complaint. Plaintiff would be severely prejudiced if the Court were to accept the December 23, 2009 letter as the fifth amended complaint, thus allowing it to supersede the third amended complaint. Nor does the December 23, 2009 letter give defendants "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Therefore, the Court declines to accept the December 23, 2009 letter as a fifth amended complaint. The third amended complaint shall continue to be the operative pleading in the case.

As the Court reads the December 23, 2009 letter, plaintiff wishes to assert a section 1983 cause of action against the municipality.[1] The allegations in the third cause of action of the third amended complaint are sufficient to state a cause of action against the municipality under section 1983, specifically that it denied him equal protection by treating him differently from similarly situated white employees, that it discriminated against him on the basis of race in violation of 42 U.S.C. § 1981, and that it did so pursuant to a municipal policy or practice. *See Patterson v. County of Oneida*, 375 F.3d 206, 224-26 (2d Cir. 2004). Accordingly, in view of plaintiff's *pro se* status, the Court deems the third cause of action in the third amended complaint to assert a section 1983 claim against the municipality as well as a Title VII claim.

It is therefore

ORDERED that the third cause of action of the third amended complaint (Dkt. No. 37) is construed to assert a claim under 42 U.S.C. § 1983 against the municipal defendant for denial of equal protection and violation of 42 U.S.C. § 1981, in addition to the Title VII claim; and it is further

ORDERED that as so construed, the third amended complaint is the operative pleading in the case.

IT IS SO ORDERED.

February 18, 2010
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

---

[1] Neither the third amended complaint nor the December 23, 2009 letter suggest that plaintiff asserts any claims against Jeffrey Lopes, Jeffrey Wright, or John Walsh in their individual capacities.